Idris ISLAMOVIC, Petitioner,

v.

Alberto R. GONZALES, Attorney General of the United States, Respondent.

No. 05–5295–ag.

United States Court of Appeals, Second Circuit.

Aug. 7, 2006.

Sam Gjoni, New York, New York, for Petitioner.

James K. Vines, United States Attorney for the Middle District of Tennessee, Philip H. Wehby, Assistant United States Attorney, Nashville, Tennessee, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR, Hon. BARRINGTON D. PARKER, Circuit Judges.

**SUMMARY ORDER**

Idris Islamovic, A 77 317 930, petitions for review of the BIA's September 7, 2005

decision affirming Immigration Judge ("IJ") George T. Chew's denial of his application for asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA adopts and supplements the decision of the IJ, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales*, 431 F.3d 84, 85 (2d Cir.2005). Although Islamovic failed to challenge any of the IJ's findings before the BIA, the Court may nevertheless review the IJ's decision to deny his asylum application because the BIA addressed this issue on its own. *Xian Tuan Ye v. Dep't of Homeland Security*, 446 F.3d 289, 296–97 (2d Cir.2006). We do not reach Islamovic's contention that the persecution he suffered was so severe as to warrant a grant of asylum even if he does not possess an objectively reasonable fear of persecution because this issue is unexhausted. *See* 8 U.S.C. § 1252(d)(1); *Foster v. INS*, 376 F.3d 75, 78 (2d Cir.2004). We also do not review the agency's denial of Islamovic's applications for withholding of removal or CAT relief, because he does not challenge those decisions before this Court.

We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B). Here, substantial evidence supports the IJ's finding that changed country conditions undermined any fear of persecution that Islamovic may possess. Background materials in the record indicate that a series of laws have been passed by Montenegro and Serbia preventing the prosecution of draft evaders and military deserters, and that conditions have improved for both countries' ethnic Albanians. The few incidents of continuing harassment of some Albanians relied upon by petitioner does not undermine the agency's determination.

For the foregoing reasons the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED.